# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

JAMES E. WRIGHT,

                  Plaintiff,

vs.

BNSF RAILWAY COMPANY,

                  Defendant.

Case No.13-CV-24-JED-FHM

## OPINION AND ORDER

This order addresses an issue on which the court reserved ruling at the hearing on Defendant's Motion to Quash Plaintiff's Notice to Take Video Deposition. [Dkt. 44].,

At the hearing the court permitted discovery of claims made by other carmen at the Tulsa Yard involving the same injuries that Plaintiff claims in this case. The court reserved ruling about whether Plaintiff could obtain the same discovery for carmen working at all of Defendant's facilities. Defendant contends that discovery about other facilities would not be relevant because carmen do not do the same job in the same way in every yard system-wide, so the requested information would not reflect similar circumstances. Further, Defendant asserts that it would be burdensome to produce the requested information. Plaintiff argues that the deposition of Kevin Wilde, attached to Plaintiff's brief demonstrates that Defendant maintains a data base that contains such reports, which overcomes any assertion of burdensomeness.

The court has read Mr. Wilde's deposition. [Dkt. 47-4]. The deposition reveals that BNSF does maintain a database, for accident and injury reporting required by federal regulations, however nothing in that deposition reflects that claims for repetitive trauma such as Plaintiff alleges in this case would be included in the database. Further, the court

is persuaded by Defendant's assertion that carmen do not do the same job in the same way in all locations. It is no stretch to imagine that working conditions differ for a carman located in Tulsa, Oklahoma compared to a carman in Fargo, North Dakota or Brownsville, Texas. .See Fed.R.Civ.P. *26(b)(2)(C)(iii)* (court to limit discovery when the burden or expense of the proposed discovery outweighs its likely benefit, considering the importance of the issues at stake in the action and the importance of the discovery in resolving the issues).

According to the parties, 40 to 50 people are employed as carmen in the Tulsa Yard. The court ordered Defendant to produce a witness to testify about and produce documents about injuries to the shoulders, neck, lower back, and spine sustained by carmen in the Tulsa Yard from 1995 to the date of the termination of Plaintiff's employment. This discovery should encompass injuries reasonably similar to the ones Plaintiff alleges in this action and provide Plaintiff the information he needs to pursue his claims.

Based on the foregoing considerations, Defendant's Motion to Quash Plaintiff's Notice to Take Video Depositions, [Dkt. 44], is GRANTED as to items number 6 and 24.

SO ORDERED this 15th day of September, 2014.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE