IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES E. WRIGHT, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>BNSF RAILWAY COMPANY, )<br>)<br>Defendant. ) | Cause No. 13CV24-JED-FHM |

**PLAINTIFF'S REPLY TO BNSF RAILWAY COMPANY'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE**

COMES NOW Plaintiff, James E. Wright, and for his Reply to Defendant's Response to Plaintiff's Motion in Limine, states as follows:

Defendant objects to Plaintiff's Motions in Limine numbered 1, 5, 6, 7, 8 and 9. For the reasons set forth below, Plaintiff respectfully suggests that his Motions in Limine 1, 5, 6, 7, 8 and 9 should be granted.

1. Defendant offers several reasons why the court should not follow the holding by the Supreme Court in *Eichel vs. New York Cent. R.R. Co., 84 S. Ct. 316(1963)*. BNSF agrees it cannot mention unrelated collateral sources of income in order to set-off a Plaintiff's potential recovery. *Id.; Green vs. Denver and Rio Grande W. R.R. Co., 59 F. 3$^d$ 1029 (10th Cir. 1995)*. BNSF attempts to find several exceptions to the ruling in *Eichel*. These include that BNSF contributed funds to the Railroad Retirement Board, that *Eichel* does not support an absolute ban on evidence for collateral source benefits in an FELA action, that BNSF should be allowed to use railroad disability benefits to cross-examine plaintiff and show he failed to mitigate his

damages, and that a limiting instruction will cure any prejudice to plaintiff. A reading of *Eichel* dispels this approach.

In *Eichel*, the Supreme Court specifically ruled on a case where the trial court refused to allow evidence of disability benefits the plaintiff was receiving followed by a reversal of the Second Circuit, holding that it was prejudicial error to exclude the evidence of the disability pension and remanded for a new trial limited, however, to the issues of injury and resulting damages. The Supreme Court reversed the judgment of the Court of Appeals. The circumstances in *Eichel* were that the FELA defendant offered evidence of disability pension payments from the Railroad Retirement Act, to impeach plaintiff's testimony regarding his motive for not returning to work and permanence of injuries. *Eichel, supra* at 254. This is the same approach defendant seeks to take in this case. The Supreme Court held that these benefits were not directly attributable to the contributions of the employer to the Railroad Retirement Board, which is substantially a Social Security Act for employees of railroads. *Eichel, supra* at 254. In *Eichel* the railroad argued that the evidence of the RRB payments, although concededly inadmissible to off-set or mitigate damages, was admissible as bearing on the extent and duration of the disability suffered by plaintiff. Defendant also argued that the pension would show a motive for plaintiff's not continuing to work and for his deciding not to go back to work after his last accident. The Supreme Court specifically held that the likelihood of misuse by the jury clearly outweighs to value of this evidence. *Eichel, supra* at 255. In addition, the court held that "in so far as the evidence bears on the issue of malingering, there will generally be other evidence having more probative value and involving less likelihood of prejudice than the receipt of a disability pension." *Id*, at 255. The court went on to state: "Moreover, it would violate the spirit of the federal statutes if the receipt of disability benefits under the Railroad Retirement Act.....

2

were considered as evidence of malingering by an employee asserting a claim under the Federal Employers Liability Act." *Id,* at 255. The Supreme Court then noted that it had recently been reminded that evidence of collateral benefits is readily subject to misuse by a jury, citing *Tipton vs. Socony Mobil Oil Company, Inc., 375 U.S. 34, 84 S. Ct. 1*. The Court further recognized that evidence showing that the defendant is insured creates a substantial likelihood of misuse and that it similarly must recognize that a plaintiff's receipt of collateral social insurance benefits involves a substantial likelihood of prejudicial impact. *Id,* at 255. Here, it appears that BNSF is looking for any reason to get this evidence in front of a jury for exactly the reason that the Supreme Court held in *Eichel* that it should be disallowed, which is the highly prejudicial nature of the evidence of disability benefits. The admission of such evidence will likely cause the jury to rely on the finding of the Public Law Board, which was interpreting the CBA, rather than decide the issues themselves, in addition to other substantial prejudice.

5. Defendant has not articulated a specific objection to this Motion in Limine and appears to not be responding to it. Plaintiff believes this Motion in Limine is clear and appropriate should be granted.

6. In some of the depositions BNSF has taken in this case, it has asked witnesses questions concerning observations of other plaintiffs with injury lawsuits having recovered more fully after their lawsuits are settled or concluded, or plaintiffs with injury lawsuits don't recover as rapidly as people without injury lawsuits or claims. This is a very general statement, and as stated in plaintiff's motion there is no testimony that such as the case with this plaintiff. It is highly improper for defendant to ask such questions of witnesses in this case concerning motivations and recovery or lack of recovery from injuries by other people. This lawsuit is about

plaintiff, and no one else. This period of inquiry is highly prejudicial and not relevant to the issues in the case. Thus, this Motion in Limine should be granted.

7. BNSF objects to this motion in Limine and obviously seeks to use one of its general common non-specific rules to support a claim of contributory negligence on behalf of plaintiff. The Tenth Circuit in *Parra vs. Atchison, Topeka and Santa Fe Ry. Co., 787 F. 2$^d$ 507 (10th Circuit 1986)*, was faced with a very similar safety rule of that FELA defendant, which is one of BNSF's predecessors. In *Parra*, the trial court refused to give an instruction dealing specifically with alleged violation of Safety Rule 191. The Tenth Circuit noted that the safety rule issue is very different from the more specific and objective safety rule for which a violation would support an instruction or warrant a finding of negligence per se. *Id, at 509*. The court in *Parra* significantly noted as follows:

> The critical inquiry in such cases is whether the rule itself is of a specific nature allowing plaintiff's action to be evaluated objectively. In this instance, Rule 191 tells Mr. Parra that he should not lift more than can be lifted "safely."
> This is a good admonition and it provides no standard which a jury could apply. The evidence only affords the defendant an instruction on the law of plaintiff's negligence as was given in this instance. The trial court properly denied the requested instruction.

Defendant's empowerment rule essentially provides that an employee can refuse to do a job or task which he deems too dangerous. See Defendant's Power Point presentation concerning its empowerment rule attached hereto as Exhibit 2. On Page 2, defendant advises its employees to analyze risk, which is defendant's duties. Likewise, on Page 5 defendant states that empowerment is about people *making personal choices about risk*. This is clearly defendant's attempt to place on Plaintiff the assumption of risk, which is not a defense in an FELA case. 45 U.S.C. Section 54. This was the case in *Parra, supra*. Although this may be a good admonition it does not provide a standard which a jury can apply. Thus, this Motion in Limine should be granted.

4

8. BNSF's objection to this Motion in Limine centers around five injury reports it provided to plaintiff in this case. However, as defendant wants to have evidence admitted concerning the lack of similar injuries in the Cherokee Yard, plaintiff will seek to admit evidence of similar injuries, which is converse of this Motion in Limine which was filed by defendant as defendant's Motion in Limine on other injury claims. Each side is seeking to limit the introduction of evidence concerning lack of or preponderance of prior injuries/injury claims in the Cherokee Yard where plaintiff worked. Plaintiff submits that if defendant is allowed to introduce evidence of the lack of prior claims or prior injuries in the Cherokee Yard compound then plaintiff should be allowed to present evidence of the presence of such injuries and injury claims.

9. In its objection to this Motion in Limine, defendant cites the Tenth Circuit case of *Brotherhood of Maintenance of Way Employees Div. vs. Burlington Northern Santa Fe Ry. Co.*, 596 F. 3$^d$ 1217, 1222 (10th Cir. 2010). However, the *Brotherhood* case does not involve an injury claim, or any claim pursuant to the FELA. Rather, the Brotherhood lawsuit concerns a claim of violation of the Collective Bargaining Agreement (CBA) between Burlington Northern Santa Fe and two of its unions as a result of the proposed sale of railroad track by BNSF to the state of New Mexico. This case interpreted the CBA between those unions and the railroad. Plaintiff has provided the Court with two Circuit Court cases directly on point. These are *Kulavic vs. Chicago and Illinois Midland Ry. Co.*, 1 F. 3$^d$ 507 (7th Cir. 1993) and *Grimes vs. BNSF Railway Company*, 746 F. 3$^d$ 184 (5th Cir. 2014). BNSF claims that these are non-binding authority on this Court. However, these are the only two cases on point decided by any of the federal circuit courts. Thus, the rulings and reasoning of these courts should be binding on this Court, until the Tenth Circuit decides otherwise.

Defendant attempts to distinguish these cases, but cannot avoid these rulings or the courts' reasoning behind the rulings. In *Kulavic* the trial court refused to allow the plaintiff to present any evidence of future lost wages, benefits and earning capacity from the date of his discharge. The Seventh Circuit specifically reversed the court on that issue after examining the differences between a minor dispute pursuant to the CBA between plaintiff's union and the defendant railroad and the FELA. Defendant's attempts to distinguish this case from those of the *Kulavic* and *Grimes* cases are unavailing.

In responding to the case of *Torres vs. Union Pacific Railroad Company*, 2006 WL 3359209 (ED CA. 2006), the defendant cites two non-FELA cases. *U.S. vs. Serawop*, 505 F. $3^d$ 1112, (10th Cir. 2007), is a criminal case concerning restitution ordered by the court by the defendant as part of a sentence for voluntary manslaughter in the death of his three month old daughter. Plaintiff submits that the *Serawop* case is not applicable to this FELA case. Likewise, the other case relied upon by defendant, *N.L.R.B. vs. Martin A. Gleason, Inc.*, 534 F. $2^d$ 466 ($2^d$ Cir. 1976), involves three cases arising out of a labor-management dispute. Again, Plaintiff suggests that this case is not applicable to the current FELA lawsuit.

Plaintiff has fully briefed this matter in his Motion for Limine and incorporates that briefing herein.

## CONCLUSION

The Plaintiff respectfully requests the Court to grant his Motions in Limine numbered 1, 5, 6, 7, 8, and 9 in their entirety.

6

Respectfully submitted,

THE GAGE LAW FIRM

__// Edwin Gage //__
Edwin Gage, OBA #3197
124 South 4th Street
Muskogee, OK 74401
918-682-0555
914-687-4731 (fax)
Elgage1940@sbcglobal.net

AND

BAUER & BAEBLER, P.C.

__// Joseph L. Bauer, Jr. //__
Joseph L. Bauer, Jr., MO Bar No. 24761
Bauer & Baebler, P.C.
1716 South Broadway
St. Louis, MO 63104
Telephone (314)-241-7700
Facsimile (314) 241-0003
jbauer@bauer-baebler.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Comes now the undersigned and hereby certifies that the preceding document was submitted via the Court's electronic filing system this 25th day of January, 2016 to all counsel of record.

George E. Gibbs, Esq.
George Mullican, Esq.
Jamie A. Rogers, Esq.
Gibbs Armstrong Borochoff
    Mullican & Hart, P.C.
601 S. Boulder Ave., Ste. 500
Tulsa, OK 74119
*Attorneys for Defendant*

                                               __// Joseph L. Bauer, Jr. //__