## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES E. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:13-CV-24-JED-FHM |
| v. | ) | |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is defendant BNSF Railway Company's ("BNSF") General Motions in Limine and Brief in Support (Doc. 122), which plaintiff has opposed (Doc. 145). The Court has previously summarized the factual background of this case in previous orders (Docs. 183, 184).

### INTRODUCTION

BNSF's Motions in Limine (Doc. 122) include 39 separate categories of evidence as to which it seeks a pretrial ruling of exclusion.

"The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008) *aff'd*, 402 F. App'x 337 (10th Cir. 2010) (internal quotations omitted). While pretrial limine rulings can save time and avoid interruptions at trial, "a court is almost always better situated during actual trial to assess the value and utility of evidence." *Id.* (citation omitted). For this reason, some courts defer making in limine rulings unless the "evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)

("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

**ANALYSIS**

Several of BNSF's requests are generic, overly broad, and are not supported by either references to specific evidence or to any authorities beyond evidence rules.  Moreover, most of the issues raised in the Motions in Limine do not warrant in limine rulings at this time and will instead be addressed at trial and/or at pretrial if and when they arise.  Thus, the Court will deny those requests without prejudice at this time.

1. *References to the financial worth of BNSF, its parent company, or plaintiff.*

BNSF argues that the Court should exclude all references to the financial worth of BNSF, its parent company, or plaintiff on the grounds that it is irrelevant and would unduly prejudice the jury.  Plaintiff does not object to this motion in limine.   This request is thus **granted**.

2. *References to any other employee claim or suit involving BNSF or testimony in such suits.*

BNSF anticipates that plaintiff will seek to introduce testimony or facts from other injury claims or lawsuits involving BNSF to show that BNSF was negligent.  BNSF notes that this argument is addressed in more detail in BNSF's Motion in Limine Regarding Other Injury Claims (Doc. 146).  Therefore, the Court declines to address the issue here.

3. *Any mention of the Motions in Limine filed or the Court's rulings.*

BNSF seeks to exclude any reference to the filing of motions in limine and any rulings by the Court on such motions.  Plaintiff does not object to this motion in limine.   BNSF's third motion in limine is thus **granted**.

    *4.   Any damages, including monetary, physical, or mental, sustained by plaintiff's girlfriend due to his alleged injuries.*

BNSF requests that the Court limit all references to any injuries suffered by plaintiff's girlfriend because FELA does not allow recovery for loss of consortium.   Plaintiff does not object to this motion in limine.  BNSF's fourth motion in limine is thus **granted**.

    *5.   Any references to BNSF's discovery objections.*

The parties agree that this evidence should be excluded.   BNSF's fifth motion in limine is therefore **granted**.

    *6.   Any testimony or opinions by plaintiff's expert witnesses that are not contained in their reports or depositions.*

The parties agree that this evidence should be excluded.  BNSF's sixth motion in limine is therefore **granted**.  The Court notes that this ruling is consistent with the Court's ruling on BNSF's motion to exclude the testimony of plaintiff's treating physicians (Doc. 179).

    *7.  Any reference of other defects in the railroad's premises or equipment, or unrelated potentially negligent acts of the railroad.*

While BNSF has not provided any context or authority in support of this motion in limine, the parties agree that this evidence should be excluded.   BNSF's seventh motion in limine is thus **granted**.

    *8.   Any references to news stories, articles and publications of any recent accidents involving BNSF and/or any investigations of BNSF by any governmental agencies regarding safety.*

BNSF specifically seeks to exclude any reference to the fatality of Deborah Beeler in August 2013, but notes that the evidence it seeks to preclude is not limited to this event.  The parties agree that this evidence should be excluded.  BNSF's eighth motion in limine is thus **granted**.

9.   *References that BNSF violated any statute, regulation or guideline not identified by plaintiff in response to discovery.*

BNSF requests a general prohibition of any argument, testimony or evidence that BNSF violated statutes, regulations, or guidelines, without citing any specific evidence which BNSF seeks to exclude.   Plaintiff objects on the grounds that the motion in limine is extremely overbroad.   The Court agrees.   BNSF's request to exclude references to violations of statutes, regulations, or guidelines is **denied**.

10.  *A request or offer to enter into any stipulation in the presence of the jury.*

BNSF requests that the Court prohibit references to requests or offers to enter into any stipulation in the presence of the jury, citing Fed. R. Evid. 401 and 403.  Plaintiff does not object to this motion in limine.  BNSF's tenth motion in limine is thus **granted**.

11. *Any unauthenticated medical reports directed to an attorney.*

BNSF argues that such medical reports to an attorney are not business records and should be excluded.   Plaintiff does not object to this motion in limine.   BNSF's eleventh motion in limine is thus **granted**.

12. *Evidence or argument regarding depositions or the failure of BNSF to bring available witnesses to trial.*

BNSF has not pointed to any specific evidence, depositions, or witnesses that it suggests are inadmissible, nor has BNSF offered any authority on point.   Plaintiff objects to this request on the grounds that it is general and lacks context.  The Court agrees.   The motion in limine is thus **denied.**

13. *Evidence that plaintiff was a "good employee."*

BNSF seeks to exclude evidence that plaintiff was a "good employee" or that he received favorable reviews or letters because, it argues, that plaintiff's character is not at issue.  Plaintiff

objects because it asserts that such evidence is relevant to rebut BNSF's affirmative defense that plaintiff was contributorily negligent.  Without BNSF identifying any evidence or providing any analysis as to any specific evidence that it claims to be excludable, it is impossible for the Court to issue a pretrial ruling either excluding or permitting every possible category of evidence that plaintiff was a "good employee" at this time.   This request is therefore **denied without prejudice**.

14. *Statements or arguments intending to inflame or arouse feelings of hostility or resentment against BNSF.*

Plaintiff objects to this motion in limine on the grounds that it is premature.  The Court agrees that a ruling is not warranted at this time and the issue will instead be addressed at trial if and when it arises.  This request is **denied without prejudice**.

15. *Arguments designed to inflame the jury to bring in a punitive verdict.*

BNSF argues that because punitive damages are not recoverable under FELA, the Court should not allow any remarks designed to "inflame the passions of the jury."  (Doc. 122, ¶ 15). Plaintiff does not object to this motion.  BNSF's fifteenth motion in limine is thus **granted**.

16. *Argument by plaintiff's counsel that this is a workers' compensation case.*

BNSF requests that the Court prevent plaintiff's counsel from referring to this case as a workers' compensation case because FELA is distinct from state workers' compensation laws because it requires negligence.  Plaintiff "generally concedes" that BNSF's motion is proper and states that he has no intention of referring to the case as a workers' compensation case.  (Doc. 145 at 11).  However, plaintiff states that he anticipates making a general explanatory statement during voir dire regarding the distinction between FELA and workers' compensation, which is consistent with FELA pattern jury instruction 155.01 that plaintiff also intends to use.   (Doc. 145 at 11).  The Court finds that the motion in limine should be **granted** as to references to this

case as a workers' compensation case.  The Court notes that this ruling does not bar the sort of explanatory statement that plaintiff seeks to make during voir dire, which can be addressed at a later time.

17.  *References to or attempts to obtain opinions from lay witnesses on whether an act was negligent, that an area was unsafe, that a  piece of equipment was defective, or other similar evaluation.*

BNSF asserts that such evidence should be excluded because lay witness opinions are limited by Fed. R. Evid. 701.  Plaintiff objects to this motion in limine on the grounds that such lay witness testimony is relevant and also anticipates that the testimony it seeks to introduce will comply with Rule 701.  The Court is unable make a broad limine ruling excluding or limiting witness testimony in advance of trial.  BNSF's request is thus **denied at this time.**

18.  *Any testimony from plaintiff's coworkers that removing a cross key is uncomfortable or painful.*

BNSF requests that the Court exclude testimony from plaintiff's coworkers that suggests removing a cross key is an uncomfortable or painful task.  BNSF states that under FELA, employers are required to use reasonable care, but are not required to provide the employee with "the latest, best, or most perfect appliances with which to work."  (Doc. 122, ¶ 18).  Plaintiff objects to this motion in limine, stating that it seeks to present testimony to support its claim that BNSF failed to provide plaintiff inadequate tools.  Given the Court's summary judgment ruling on this issue, this motion in limine is **moot**.

19.  *Any statement during voir dire or opening to commit jurors to a pre-determined verdict amount if they find in plaintiff's favor.*

Plaintiff does not object to this motion in limine.  BNSF's nineteenth motion in limine is therefore **granted**.

20. *Demonstrative exhibits depicting equipment unless it is proven that they are of the same type, make, model, and timeframe as used by plaintiff.*

Plaintiff objects to this motion in limine on the grounds that it is premature. The Court agrees that a ruling is not warranted at this time and the issue will instead be addressed at trial if and when it arises. This request is **denied without prejudice**.

21. *Any attempt by plaintiff to call witnesses with knowledge of relevant facts or expert witnesses who were not previously identified during discovery.*

Plaintiff also objects to this motion in limine on the grounds that it is premature. As stated previously, the Court finds that a ruling on witnesses whom neither BNSF nor plaintiff have identified is not warranted at this time and the issue will instead be addressed at trial if necessary. This request is **denied without prejudice**.

22. *Any reference to any doctor, medical technicians, or personnel whom plaintiff has seen or been examined by at the request of BNSF as a "railroad doctor."*

BNSF requests that the Court exclude such references unless it can be shown that the practitioner is an employee of BNSF. Plaintiff objects to this motion in limine because he argues that by this motion, BNSF seeks to prevent the characterization of its retained physician, who is not employed by BNSF but examined plaintiff, reviewed medical records, and prepared two reports, as a "doctor." BNSF provides no authority or context to allow the Court to make an informed ruling on this motion in limine. This request is **denied without prejudice**.

23. *Any reference to plaintiff's gross wage or gross wage losses.*

BNSF requests that the Court exclude any reference to plaintiff's gross wage or gross wage loss because the net wage loss is the appropriate measure of damages under FELA. BNSF also asks that the Court preclude argument that a damage award is subject to federal income tax, citing *Norfolk & W. Ry. Co. v. Liepelt*, 444 U.S. 490 (1980).

Plaintiff objects to this motion in limine and asserts that he should be allowed to demonstrate his net income loss by providing the jury with evidence of his gross income and

7

subtracting his federal and state income taxes.  Plaintiff argues that this approach will assist the jury, whereas simply presenting plaintiff's net income loss may lead the jury to independently deduct taxes from the net amount on its belief it is the gross amount.

In *Liepelt*, the Supreme Court held that: (1) evidence to show the effect of income taxes on the decedent's estimated future earnings was admissible, and (2) the trial court erred in rejecting a jury instruction that a jury award would not be subject to any income taxes.  Neither party has cited any authority other than *Liepelt*.  *Liepelt*, 444 U.S. at 758-60.  Based on this authority alone, the Court cannot properly rule on the motion in limine.  The parties are therefore directed to submit additional, simultaneous briefing on the issues of income and taxes, not to exceed ten (10) pages.

24. *Any statement or comment to the jury suggesting a dollar amount that no juror would accept to voluntarily incur the injury plaintiff has suffered.*

In support of this motion in li mine, BNSF cites *Texas & N.O. R.R. Co. v. Sturgeon*, 177 S.W.2d 264, 265-66 (Tex. 1944), where the Texas Supreme Court held that the counsel's comment to the jury: "I don't think a man on this jury would sell his leg for a hundred thousand dollars," was reversible error because it was impermissibly suggestive of "an improper criterion by which to measure damage to the person."  Plaintiff does not object to this motion in limine. BNSF's motion in limine is therefore **granted**.

25. *Any claim that any damages award will be used for charitable purposes and/or used to set up a charitable foundation.*

BNSF contends that such evidence should be excluded because it is irrelevant, unfairly prejudicial, and lacks a sufficient evidentiary basis.  Plaintiff responds that this motion is restrictive and requests the Court to defer on its ruling until such testimony is actually presented at trial.  The Court agrees with BNSF that such information is irrelevant and prejudicial to the

jury's determination of damages.  *Cf. Hous. 21, L.L.C. v. Atl. Home Builders Co.*, 289 F.3d 1050, 1056 (8th Cir. 2002) (reversing and remanding for new trial in part because it was error for the district court to allow jury to receive "irrelevant and potentially prejudicial information" that a portion of any damages awarded to plaintiff would go to charitable organizations). BNSF's motion in limine is **granted.**

> 26. *Any remark during voir dire, opening statement, or closing argument concerning the size of defense counsel's law firm.*

Plaintiff does not object to this motion in limine.  BNSF's motion in limine is therefore **granted**.

> 27. *Cautionary instruction that plaintiff's mention of any dollar figure is not evidence but argument.*

BNSF asks the Court to instruct the jury that it is free to disregard any statement regarding a dollar figure advanced by plaintiff's counsel on the grounds that such a statement is not evidence but is argument.   Plaintiff objects to this motion to the extent that it would require the Court to highlight a particular comment about monetary damages.  The Court notes that it agrees with plaintiff in that it will instruct the jury that statements made by counsel during voir dire, opening statement, and closing argument are not evidence.  This motion in limine is **granted**.

> 28. *Evidence of subsequent remedial measures*.

BNSF's motion is essentially a general request that the Court rule in advance of trial that plaintiff should follow the Federal Rules of Evidence.  Plaintiff does not object to this motion in limine.  BNSF's motion in limine is therefore **granted**.

> 29. *Reference to BNSF as a self-insurer and whether BNSF has liability insurance coverage.*

9

BNSF argues that such evidence is impermissible under Fed. R. Evid. 411, which prohibits "evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully."   BNSF further argues that plaintiff should be precluded from questioning jurors about their employment or association with an insurance company because such questions infer that BNSF has insurance. In response, plaintiff argues that his counsel has the right to question jurors about their employment and whether they work in the field of claims or related lawsuits.  The Court notes that while it will accept proposed voir dire from counsel for plaintiff and defendant, the Court will conduct voir dire.   However, the Court agrees with BNSF that any references to BNSF's insurance are impermissible and also that such questions to the jury may infer that BNSF has insurance. BNSF's motion in limine is thus **granted**.

> 30. *Any references to settlement discussions, negotiations, or offers between parties or their attorneys, agents, or representatives.*

As stated previously, BNSF's motion is essentially a general request that the Court rule in advance of trial that plaintiff should follow the Federal Rules of Evidence.  Plaintiff does not object to this motion in limine.  BNSF's motion in limine is therefore **granted**.

> 31. *Any use of testimony or facts from a prior claim or lawsuit involving BNSF to show that BNSF was negligent.*

BNSF requests that the Court exclude such testimony or facts without first ruling on the relevancy, materiality, and admissibility of such matters.  Plaintiff argues that he is allowed to present relevant evidence that is an admission on the part of BNSF.  Plaintiff also argues that this motion in limine is premature and asks the Court to defer on a ruling.   As the Court determined with respect to BNSF's Motion in Limine No. 2, this evidence is addressed in more detail in

BNSF's Motion in Limine Regarding Other Injury Claims (Doc. 146). The Court will address such evidence in its order regarding that motion and declines to do so here.

*32. Argument which requests the jury to place themselves in the plaintiff's position.*

Plaintiff does not object to this motion in limine. BNSF's motion in limine is therefore **granted**.

*33. Argument related to state or federal investigations into the railroad industry.*

BNSF anticipates that plaintiff will seek to introduce evidence related to state or federal investigations into the railroad industry and requests that the Court preclude this evidence under Fed. R. Evid. 402 and 404(b). Plaintiff responds that Fed. R. Evid. 404(b) does not govern evidence of state and federal investigations, and also that such evidence is relevant to the issue of notice or foreseeability of harm, specifically BNSF's "knowledge of the unsafe nature of the workplace it provided to Plaintiff." (Doc. 145 at 17). The Court agrees with plaintiff that Fed. R. Evid. 404(b), which governs prior acts of a party, is not relevant to evidence of state or federal investigations into the railroad industry generally. However, the Court finds that the introduction of such evidence would be overly prejudicial under 403. The motion in limine is therefore **granted**. The Court notes that this ruling is also consistent with the Court's ruling on BNSF's eighth motion in limine.

*34. Hearsay comments attributed to any unidentified witness not subject to cross-examination.*

Similar to several of BNSF's other motions in limine, this motion is essentially a general request that the Court rule in advance of trial that plaintiff should follow the Federal Rules of Evidence. Plaintiff does not object to this motion in limine. BNSF's motion in limine is therefore **granted**.

*35. Any references to whether the equipment or appliance at issue was the latest, best, safest, or most perfect appliance with which to work.*

Plaintiff objects to this motion in limine.  Given the Court's summary judgment ruling with regard to the issue of adequate tools, this motion in limine is **moot**.

*36. Medical causation standard.*

BNSF argues that plaintiff should be precluded from stating the causation standard as "played any part, however slight," or a similar standard because FELA does not "eliminate the evidentiary standard of reasonable medical probability."  (Doc. 122, ¶ 36).  Plaintiff responds that FELA employs a relaxed standard of causation, citing *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500 (1957).

The Tenth Circuit has held that references to the causation standard "containing both the statutory language and the explanatory language of *Rogers* is certainly the clearest articulation of the appropriate causation standard and presents the preferable approach in the future."  *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 607 (10th Cir. 1997).  BNSF's motion is thus **denied**.

*37. References to BNSF or the railroad industry as "dangerous."*

BNSF argues that such references constitute impermissible use of reputation or character evidence to show dangerous conduct sanctioned under Fed. R. Evid. 404.  Plaintiff responds that given BNSF's non-delegable duty to provide plaintiff with a reasonably safe workplace, plaintiff should be able to use the term "dangerous" to describe his workplace.

The Court finds that any references to BNSF or the railroad industry generally as "dangerous" will have a prejudicial effect on BNSF and is also contrary to the purpose of Rule 404.  BNSF's motion in limine is **granted**.

*38. References to punitive damages.*

12

Plaintiff does not object to this motion in limine.  BNSF's motion in limine is therefore **granted**.

39. *References to alleged internal documents of BNSF or its affiliates unless properly authenticated.*

Plaintiff objects to this motion in limine on the grounds that he anticipates offering into evidence BNSF's own documents.  Plaintiff also asks that the Court defer on a ruling until trial. The Court is unable make a broad limine ruling excluding or limiting such documents in advance of trial, and the request is thus **denied at this time.**

CONCLUSION

IT IS THEREFORE ORDERED that BNSF's Motion in Limine (Doc. 122) is **granted in part** and **denied in part** at this time.  The parties are directed to file simultaneous briefs regarding Motion in Limine No. 23, not to exceed ten (10) pages, by Friday, April 29, 2016.

IT IS SO ORDERED this 22nd day of April, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE