IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES E. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:13-CV-24-JED-FHM |
| v. ) | |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is defendant BNSF Railway Company's ("BNSF") Motion in Limine on Other Injury Claims (Doc. 124) and BNSF's Specific Motions in Limine on Medical Expenses and Post-Termination Lost Wages and Brief in Support (Doc. 125). Plaintiff has opposed both motions (Docs. 146, 142). The Court has summarized the factual background of this case in previous orders (Docs. 183, 184).

**I.     BNSF's Motion in Limine on Other Injury Claims**

BNSF's Motion in Limine on Other Injury Claims (Doc. 124) seeks to prevent plaintiff from introducing any evidence of other injury claims or reports filed by BNSF employees.[1] Specifically, BNSF asks the Court to exclude evidence of five injury claims BNSF produced through discovery, injury claims of Robert Rhodes, Carl Hampton, Larry Hudson, and Dwight Compton, and any other miscellaneous claims that plaintiff may introduce during trial. In his Response, plaintiff acknowledges that he intends to introduce evidence produced by BNSF through discovery in this case and in other litigation, including the injury claims of Robert

---

[1] BNSF's General Motion in Limine (Doc. 122) also seeks to exclude "references to any other employee claim or suit involving BNSF or testimony in such suits," (Doc. 122, ¶ 2) as well as any "testimony from a prior suit involving [BNSF]," (Doc. 122, ¶ 31). The Court addresses these motions in limine here, as they relate to the same issue.

Rhodes, Carl Hampton, as well as evidence produced by BNSF in *Compton v. BNSF*, 07-CV-328-TCK-PJC. (Doc. 146 at 3). Plaintiff argues that such evidence is relevant and admissible to prove foreseeability of harm; more precisely, that it will establish evidence of BNSF's knowledge of unsafe working conditions and evidence of the types of injuries caused by the job tasks plaintiff was required to perform. (*Id.*).

Both parties cite *Ponder v. Warren Tool Corp.*, 834 F.2d 1553 (10th Cir. 1987) for the general rule that evidence "regarding prior accidents or complaints is 'predicated upon a showing that the circumstances surrounding them were substantially similar to those involved in the present case.'" *Ponder v. Warren Tool Corp.*, 834 F.2d 1553, 1560 (10th Cir. 1987) (quoting *Karns v. Emerson Elec. Co.*, 817 F.2d 1452, 1460 (10th Cir. 1987)). Where evidence of prior injuries is admitted to establish notice or awareness of a dangerous condition, the rule requiring substantial similarity "should be relaxed." *Id.* "Once a court has determined that accidents are substantially similar, '[a]ny differences in the circumstances surrounding those occurrences go merely to the weight to be given the evidence.'" *Id.* (quoting *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1083 (5th Cir. 1986)). BNSF argues that none of the evidence plaintiff seeks to introduce presents circumstances "substantially similar" to those experienced by plaintiff, and should be excluded under *Ponder*. (Doc. 124 at 10-11). Plaintiff states that *Ponder* warrants introduction of the evidence, which shows substantially similar allegations of work exposures and negligence to those in this case. (Doc. 146 at 8).

The Court finds BNSF's argument that this broad category of evidence should be excluded because it does not pertain to "similar accidents [] at the Cherokee Yard for the same body parts under similar circumstances" (Doc. 124 at 11) unavailing, particularly in light of the "relaxed" standard of substantial similarity that applies here. *See Ponder*, 834 F.2d at 1560. The

2

five reports plaintiff seeks to introduce all involve injury claims by BNSF carmen who worked at Cherokee Yard, like plaintiff, who experienced injuries similar to those of plaintiff. Moreover, the Court finds that evidence related to Robert Rhodes, Carl Hampton, Larry Hudson,[2] and Dwight Compton should be admitted based on the fact that they were all BNSF employees who worked in plaintiff's area and who will provide evidence that their claims put BNSF on notice of particular problems or types of injuries that are relevant to plaintiff's injuries. Any differences in the circumstances between the other injury claims and the facts surrounding plaintiff's alleged injuries affect the weight given to the evidence. *See Ponder*, 834 F.2d at 1560.

Accordingly, the Court **denies** BNSF's motion as to the five injury reports and the evidence regarding Robert Rhodes, Carl Hampton, Larry Hudson, and Dwight Compton. However, at trial, the Court may exercise its discretion and decide to restrict certain evidence that is overly prejudicial to BNSF. The Court further **denies** BNSF's request regarding "miscellaneous" claims at this time as it is premature,[3] and will address these claims if and when they are introduced at trial.

## II. **BNSF's Specific Motions in Limine on Medical Expenses and Post-Termination Lost Wages**

BNSF's Motions in Limine (Doc. 125) seek to exclude the following two categories of evidence: (1) plaintiff's previously paid medical bills and (2) plaintiff's post-termination wages.

### A. Previously Paid Medical Bills or Treatment Costs

BNSF moves to exclude any evidence to the amount of plaintiff's previously paid medical expenses or treatment costs because insurance covered medical expenses are not a

---

[2] Plaintiff does not mention Larry Hudson in his Response.
[3] To the extent that this request includes the Deborah Beeler incident, the Court has already determined that this evidence should been excluded. *See* Order on BNSF's General Motion in Limine (Doc. 190).

recoverable item under FELA, and consequently such evidence is irrelevant under Fed. R. Evid. 401. (Doc. 125 at 1). Plaintiff responds that he does not intend to offer medical bills paid by insurance into evidence. (Doc. 142 at 1). Thus, this issue is **moot**.

However, plaintiff also states that he reserves the right to introduce evidence of his out-of-pocket payments for treatment of his alleged injuries in this case. (Doc. 142 at 1). In its Reply, BNSF states that plaintiff failed to provide information regarding out-of-pocket medical expenses during discovery, which has now ended. (Doc. 153 at 1). BNSF asks the Court to prevent plaintiff from mentioning or referring to the amount of past medical bills or treatment costs, including those paid by employer provided health insurance.

The Court finds that a ruling on the issue of out-of-pocket payments is not warranted at this time and will instead be addressed at trial if and when it arises. This request is **denied without prejudice**.

### B. Post-Termination Lost Wages

BNSF also seeks to prevent plaintiff from making any reference to the amount of his lost wages. BNSF argues that, because plaintiff was terminated from BNSF for misrepresentation and/or dishonesty of the facts surrounding the January 20, 2010 incident and the arbitration proceedings that commenced thereafter pursuant to his union contract upheld his termination, he should be limited to recovering only pre-termination lost wages. (Doc. 125 at 3, 5). In the alternative, BNSF asks the Court to allow evidence of the circumstances surrounding plaintiff's termination if the Court determines that evidence of plaintiff's post-termination lost wages should be admitted. (Doc. 123 at 5).

In response, plaintiff argues that evidence of his lost wages should be admitted because BNSF is liable for "all damages caused in whole or part" by its wrongful conduct. (Doc. 142 at

4

3).  Plaintiff further asks the Court not to introduce evidence of his termination because it is prejudicial to plaintiff and argues it is irrelevant to this case because the injuries that form the basis of his lawsuit were determined prior to his termination.  (Doc. 142 at 6).

### 1. Evidence of plaintiff's lost wages

Plaintiff was terminated from BNSF on March 8, 2010.  (Doc. 125, Ex. 2).  Pursuant to the collective bargaining agreement between plaintiff's union and BNSF, BNSF conducted an investigation and ultimately decided to terminate plaintiff for his dishonesty in reporting the injury he allegedly sustained to his left shoulder on January 20, 2010.  Plaintiff appealed his termination to the National Mediation Board ("the Board"), a counterpart of the Public Law Board, established by the Railway Labor Act ("RLA").  After holding an arbitration proceeding, the Board affirmed BNSF's decision to terminate the plaintiff based on its finding that there was sufficient evidence that plaintiff injured his shoulder in the days leading up to January 20, 2010. The Board based its decision on testimony from plaintiff's co-workers that plaintiff had complained of shoulder pain as early as January 15, 2010.  The Board further denied plaintiff's claim for lost wages, specifically his request for "eight (8) hours pay at the pro-rata rate for each workday he is withheld from service, commencing March 3, 2010, and continuing until he is returned to active duty." (Doc. 125, Ex. 3).

BNSF's argument is that plaintiff's recovery in this case should be limited in scope by the arbitration proceeding where the Board determined that plaintiff could not receive lost wages. (Doc. 125 at 5).  In support of this argument, BNSF cites *Brotherhood of Maintenance of Way Employees Div. v. Burlington Northern Santa Fe Railway Co.*, 596 F.3d 1217 (10th Cir. 2010), which held that termination disputes were subject to binding arbitration rather than federal litigation pursuant to RLA, because the disputes arose from the terms of the terminated railroad

employees' collective bargaining agreements.  BNSF also relies on *King v. Burlington Northern & San Fe Ry. Co.*, 445 F. Supp. 2d 964 (N.D. Ill. 2006), for the proposition that the Board's arbitral decision is final and gives preclusive effect to subsequent litigation.  Plaintiff objects to the motion in limine, arguing that an arbitral proceeding is not "sufficiently protective of [plaintiff's] federal statutory right to recover under the FELA."  *Kulavic v. Chicago & Illinois Midland Ry. Co.,* 1 F.3d 507, 517 (7th Cir. 1993); *see also Torres v. Union Pacific Railroad Co.*, 2006 WL 3359209 at *2 (E.D. Cal. Nov. 20, 2006) ("'Because Plaintiff brings a claim pursuant to FELA to recover future lost wages and benefits related to his personal injuries rather than his termination, that claim is not barred based on the previously disciplinary hearing conducted by [the railroad] pursuant to the RLA.'" (quoting *Pothul v. Consolidated Rail Corp.*, 94 F. Supp. 2d 269, 272 (N.D.N.Y. 2000))).

  The Court finds both *Kulavic* and *Torres* persuasive.  *Kulavic* stands for the proposition that the remedies available to a plaintiff in the arbitral context—reinstatement and back pay—are appropriate for the arbitral forum, but that arbitral proceedings cannot then limit the "usual avenues of recovery" available to a plaintiff in a district court that resolve different statutory rights.  *See id.*, 1 F.3d at 518.  In *Torres*, the district court held that the administrative proceedings affirming the former railroad employee's termination for dishonesty did not bar plaintiff's claim for lost wages accruing subsequent to his termination under FELA.  2006 WL 3359209, at *3; *accord Graves v. Burlington N. & Santa Fe Ry. Co.*, 77 F. Supp. 2d 1215, 1219 (E.D. Okla. 1999) ("[P]laintiff's claim for personal injuries due to the negligence of the defendant are not barred by the previous disciplinary hearing conducted pursuant to the Railway Labor Act and the collective bargaining agreement.").

Moreover, the authorities BNSF relies on are distinguishable based on the fact that neither involves FELA, the relevant statute here. It is also clear that no preclusive effect can be given to the Board's finding because the issues to be litigated in this case differ from those resolved in the Board's arbitration proceeding, which was limited to whether plaintiff's termination was justified. *See Graves*, 77 F. Supp. 2d at 1219.

Thus, the Court finds that BNSF's request to exclude to evidence of plaintiff's lost wages should be **denied**.

### 2. Evidence of plaintiff's termination

BNSF further requests that the jury be permitted to consider the circumstances surrounding plaintiff's termination if the Court determines that evidence of plaintiff's lost wages is admissible.[4] (Doc. 123 at 5). Plaintiff responds that introducing evidence of plaintiff's termination would be prejudicial under Fed. R. Evid. 403 because "plaintiff was discharged for conduct involving the very injuries he seeks recovery for in the FELA action." (Doc. 142 at 12). Plaintiff also states that his injuries and damages were "fixed and accruing" prior to his termination. (*Id.* at 6). The Court finds plaintiff's reliance on *Torres* appropriate. In *Torres*, the district court denied the railway's request to introduce evidence surrounding plaintiff's termination in his FELA case as unfairly prejudicial under Fed. R. Evid. 403:

> [W]ere the court to allow defendant to introduce evidence concerning plaintiff's termination, FELA's purposes would be directly subverted. FELA provides railroad employees with the right to seek recovery in federal court for injuries sustained by a railroad's negligence. Here, plaintiff's termination was based on

---

[4] In its Reply, BNSF raises new arguments as to why evidence of plaintiff's termination should be introduced. (Doc. 153 at 4-5). The Court declines to address arguments raised for the first time in a reply brief as plaintiff has not had an opportunity to respond to them. *See Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006); *Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1278 (10th Cir. 1994).

7

>the precise incident and claimed injuries at issue in this case. Thus, any reference to said administrative proceedings and findings would invade the province of the jury.

*Torres*, 2006 WL 3359209, at *3. Accordingly, the Court **denies** BNSF's request to introduce evidence of plaintiff's termination.

**IT IS THEREFORE ORDERED** that BNSF's Motion in Limine on Other Injury Claims (Doc. 124) and BNSF's Specific Motions in Limine on Medical Expenses and Post-Termination Lost Wages and Brief in Support (Doc. 125) are **denied**.

**IT IS SO ORDERED** this 22nd day of April, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE