## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES E. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:13-CV-24-JED-FHM |
| v. ) | |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

Before the Court is plaintiff James E. Wright's Motion in Limine ("Motion") (Doc. 126), which defendant BNSF Railway Company ("BNSF") has opposed (Doc. 132). Plaintiff's Motion seeks to prevent the introduction of nine categories of evidence at trial. Each category is addressed in turn below.

*1.    Plaintiff's Receipt of Collateral Benefits*

Plaintiff requests that the Court exclude reference to plaintiff's receipt, entitlement to receive, or future possible entitlement to receive "benefits of any kind or character from a collateral source," including but not limited to Medicare and benefits under the Railroad Retirement Act, referred to by plaintiff as Railroad Retirement Board ("RRB") benefits. (Doc. 126 at 2). Specifically, plaintiff receives an annuity from the RRB each month and also receives Medicare benefits. (*Id.* at 2). In response, BNSF asks that the Court reserve its ruling on this evidence until trial, unless it finds that all the evidence is clearly inadmissible. (Doc. 132 at 1).

Plaintiff argues that, under *Eichel v. New York Central Railroad Co.*, 375 U.S. 253 (1963), evidence regarding receipt of disability benefits is inadmissible under the collateral source rule. The Court agrees. The Tenth Circuit has held that under *Eichel*, "the collateral

source rule prohibits admission of [Railroad Retirement Act] disability benefits in a FELA case." *Green v. Denver & Rio Grande W. R. Co.*, 59 F.3d 1029, 1032-33 (10th Cir. 1995) (finding reversible error where the district court admitted evidence of plaintiff's disability payments under the Railroad Retirement Act). In *Eichel*, the Supreme Court determined that evidence of disability benefits should be excluded due to "the likelihood of misuse by the jury," which "clearly outweighs the value of this evidence" and noted that it had "recently had occasion to be reminded that evidence of collateral benefits is readily subject to misuse by a jury." 375 U.S. at 255 (citing *Tipton v. Socony Mobil Oil Co.*, 375 U.S. 34, 84 (1963)).

To be clear, the Court determines that this reasoning applies with equal force to Medicare benefits and any other collateral source. Other district courts in this circuit have reached the same conclusion. *See, e.g.*, *Starling v. Union Pac. R. Co.*, 203 F.R.D. 468, 483 (D. Kan. 2001) (excluding "any reference to or evidence of plaintiff having received railroad retirement, disability, or sickness benefits, or payments from any private insurer or other collateral source").

In light of binding authority stating that disability benefits evidence is inadmissible, the Court declines to follow BNSF's out-of-circuit authority suggesting that the Court should defer ruling on this motion. Plaintiff's motion is accordingly **granted**.

2.  *Plaintiff's Prior Unrelated Claims*

Plaintiff seeks to exclude all of his prior or subsequent claims, suits or settlements, or the amounts thereof. BNSF does not challenge this motion in limine. The Court thus **grants** the motion in limine.

3.  *Employment of Plaintiff's Attorney*

Plaintiff seeks to prevent BNSF from introducing evidence regarding the time or circumstances under which plaintiff's attorney was employed. BNSF does not challenge this motion in limine. The Court thus **grants** the motion in limine.

4.   *Income or Financial Means of Plaintiff's Girlfriend*

Plaintiff seeks to exclude evidence of the financial status of plaintiff's girlfriend, Vicky Howard, on the basis that it is irrelevant to the issues to be decided in this lawsuit. BNSF does not challenge this motion in limine. Accordingly, the Court **grants** the motion in limine.

5.   *Reference to the Americans with Disabilities Act ("ADA")*

Plaintiff's motion seeks to exclude any reference to the ADA from trial. BNSF asserts that plaintiff has failed to provide enough context or information for it to meaningfully respond. The Court disagrees with BNSF. Plaintiff's case is brought pursuant to FELA, not the ADA. As the ADA has no bearing upon the issues of this case, it shall not be referenced at trial. *See Riley v. Union Pac. R. Co.*, 2010 WL 1946286, at *2 (E.D. Okla. May 13, 2010) (excluding references to the ADA from FELA lawsuit). Plaintiff's motion is **granted**.

6.   *Motivation for Litigation*

Plaintiff requests that the Court prevent BNSF from introducing any testimony that plaintiffs who litigate FELA cases generally "recover more fully or are more motivated to find work after their lawsuits are settled." (Doc. 126 at 4). BNSF asserts that plaintiff has failed to provide enough context or information for it to meaningfully respond. (Doc. 132 at 5). However, BNSF also states that plaintiff's motivations in filing this lawsuit is relevant to this case, and the general testimony that plaintiffs who litigate FELA cases are more motivated to find work or recover more fully is relevant and admissible. (Doc. 132 at 5-6).

Neither party cites to any evidentiary rule or provides the Court with any law to assess this motion in limine. However, the Court finds that such references are unduly prejudicial and will not be allowed at trial. *See Riley v. Union Pac. R. Co.*, 2010 WL 1946286, at *3 (E.D. Okla. May 13, 2010) (granting plaintiff's motion in limine to exclude evidence regarding plaintiff's motivations for litigation). Thus, plaintiff's motion is **granted**.

*7.     Assumption of Risk*

Plaintiff asks the Court to exclude evidence that plaintiff assumed the inherent risk of danger in his job because assumption of risk is not a defense in a FELA lawsuit. (Doc. 126 at 4). Plaintiff anticipates that BNSF will seek to introduce evidence of its empowerment rule,[1] which he contends amounts to evidence related to assumption of risk. (*Id.*). BNSF does not deny that assumption of risk is not a defense in this case, but asks the Court to allow evidence of specific safety rules, including BNSF's empowerment rule, which it asserts is relevant to establishing contributory negligence. (Doc. 132 at 6-7).

FELA includes a contributory negligence provision, which states that an employee's "damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee . . . ." 45 U.S.C. § 53. The Tenth Circuit has stated that in order to be admissible, a safety rule must be "of a specific nature allowing plaintiff's actions to be evaluated objectively." *Parra v. Atchison, Topeka & Santa Fe Ry. Co.*, 787 F.2d 507, 509 (10th Cir. 1986). In *Parra*, the court affirmed the district court's denial of a requested jury instruction regarding the plaintiff's compliance with a safety rule which provided that an employee should not lift more than can be lifted safely. *Id.* Because the safety rule provided "no standard which a

---

[1] Plaintiff describes the empowerment rule as "a rule which grants to an employee the ability to refuse to perform a job task if that employee believes that the performance of that job task is too dangerous to undertake." (Doc. 126 at 4).

jury could apply," the court determined that it was properly excluded. *Id.* The Tenth Circuit contrasted the safety rule at issue in the case to "more specific and objective safety rules" that would have been proper. *Id.*

In support of its argument that plaintiff's motion should be denied, BNSF cites Eighth Circuit authority for the proposition that "[e]vidence of contributory negligence cannot be excluded, however, merely because the evidence . . . may also be pertinent to assumption of risk." *Hose v. Chicago Nw. Transp. Co.*, 70 F.3d 968, 978 (8th Cir. 1995) (internal quotations omitted). BNSF also relies on *Evans v. Union Pacific Railroad Co.*, 2015 WL 1945104 (D. Colo. Apr. 29, 2015), where the district court denied the plaintiff's motion in limine to exclude evidence related to assumption of risk and stated that it would allow evidence of the railroad's empowerment rules which were specific and objective. *Id.* at *2 (citing *Green v. Denver & Rio Grande W. R. Co.*, 59 F.3d 1029 (10th Cir. 1995)). The court made clear, however, that the defendant would not be allowed to introduce evidence that the plaintiff "assumed an inherent risk merely by performing his duties," and also stated that there it would not allow a jury instruction "that Plaintiff's violation of a safety rule may be considered in evaluating contributory negligence unless that safety rule is both specific and objective." *Id*. In its Reply, plaintiff relies on *Parra*, arguing that BNSF's empowerment rule is similar to the rule that was rejected there, as it requires employees to "make personal choices about risk," and is thus not objective. (Doc. 147 at 4; *see also* Doc 147, Ex. 2).

The Court will allow BNSF to introduce evidence of its safety rules that the Court determines are specific and objective. However, the Court finds that BNSF's empowerment rule, which directs employees to assess the dangerousness of particular job tasks and make personal choices about the risk of these tasks, amounts to a general, subjective rule which the Tenth

5

Circuit has determined cannot be admissible. *See Parra*, 787 F.2d at 509.[2] The Court does not presently have information regarding any other safety rules that BNSF seeks to introduce, but will allow evidence of the rules that are specific and objective. Plaintiff's motion is thus **granted in part** and **denied in part**.

8.   *Evidence Showing Lack of Cumulative Trauma Injuries*

Plaintiff, without citing any authority, asks that the Court exclude evidence concerning the lack of similar injuries experienced by other carmen at the Cherokee Yard where plaintiff worked. (Doc. 126 at 5). BNSF responds that evidence regarding the lack of substantially similar injuries to carmen at Cherokee Yard is "relevant to the absence of negligence" and should be admitted. (Doc. 132 at 8). In its Reply, plaintiff argues that if BNSF is allowed to introduce evidence concerning the lack of similar injuries, he should be allowed to introduce evidence of similar injuries, which BNSF sought to exclude in its Motion in Limine on Other Injury Claims (Doc. 124). (Doc. 147 at 8).

The Court previously denied BNSF's motion to exclude evidence related to other injury claims. (Doc. 191). Specifically, the Court allowed plaintiff to introduce five injury reports of other carmen at Cherokee Yard on the grounds that the injuries reported therein were substantially similar to those of plaintiff. In light of this ruling, the Court finds that BNSF should be allowed to rebut plaintiff's evidence and introduce evidence demonstrating any lack of substantially similar injuries experienced by carmen at Cherokee Yard. Plaintiff's motion is thus **denied**. However, as the Court stated in its Order regarding BNSF's motion in limine, the Court

---

[2] The Court's finding is not inconsistent with the district court's ruling in *Evans*, 2015 WL 1945104. There, the plaintiff indicated that the railway's empowerment safety rules directed employees to "'take the safe course" and [] "empowered" [them] to exercise their own judgment to avoid unsafe tasks. *Id.* at \*1. The court did not explicitly rule on particular safety rules, but merely stated that it would not exclude *all* empowerment safety rules and only allow specific rules. *Id.* at \*2.

may exercise its discretion and decide to restrict certain evidence that is overly prejudicial to plaintiff.

9.   *Reference to Plaintiff's Termination from BNSF*

Plaintiff requests that the Court prevent BNSF from making any reference to or introducing evidence about his termination from BNSF for dishonesty regarding the January 20, 2010 incident, which forms the basis for his acute injury claim. (Doc. 126 at 5). BNSF objects because it argues such evidence is relevant to causation, plaintiff's motive for bringing the lawsuit, and issues regarding post-termination wages. (Doc. 132 at 8). BNSF also states that evidence of plaintiff's termination is relevant because it disputes whether plaintiff's acute incident even occurred. (*Id.*).

The Court previously denied BNSF's motion in limine to introduce evidence of plaintiff's termination, but only as it relates to the award and calculation of plaintiff's post-termination lost wages. (*See* Doc. 191). Plaintiff's motion is **granted** in this regard.

However, plaintiff's Reply does not address BNSF's argument that plaintiff's termination is relevant to the issues of causation and plaintiff's motivation for bringing the lawsuit. The Court is persuaded by BNSF's argument that the circumstances surrounding plaintiff's termination are relevant to both issues. First, BNSF cites to evidence demonstrating plaintiff had preexisting issues with his left shoulder in the days preceding January 20, 2010 and argues it is directly relevant to plaintiff's claim that the cross key incident on January 20, 2010 was the cause of his acute injury claim. (Doc. 132 at 8-9). Second, BNSF contends that the facts surrounding plaintiff's termination—specifically that his pre-termination injury report only addressed his left shoulder—are relevant to his motive for bringing his cumulative trauma claim, which asserts injury to his cervical and lumber spine. (*Id.* at 9). The Court agrees that

7

this evidence is relevant. It is likewise apparent that the probative value of this evidence is high and is not substantially outweighed by unfair prejudice to plaintiff. BNSF will be allowed to introduce evidence related to plaintiff's termination as to causation and motive for bringing the lawsuit. Plaintiff's motion is **denied** in this regard.

Plaintiff's motion is thus **granted in part** and **denied in part**.

## Conclusion

IT IS THEREFORE ORDERED that plaintiff's Motion in Limine (Doc. 126) is **granted in part** and **denied in part** as set forth in this Opinion and Order.

SO ORDERED this 25th day of April, 2016.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE